On the Merits.
The opinion of the Court was delivered by
Todd, J.
This is a mandamus proceeding to compel the official representatives of the City of New Orleans, to levy a special tax to pay certain judgments which the Relator claims to have recovered against the City, amounting to about $170,000.
The answer, besides the general issue, avers ignorance of the consideration of the judgments, and requires strict proof of the same. There was judgment for the Relator, making the mandamus peremptory, and the City has appealed.
In the cases of the State ex rel. Folsom Bros. vs. City of New Orleans, 32 A. 709, and the State ex rel. Nelson vs. Parish of St. Martin, 32 A. 884, we held that a party seeking to compel a municipal corporation, by *203 mandamus, to levy a special tax to pay a judgment held by him, notwithstanding the limitation contained in Article 209, of the present State Constitution, must allege and prove that his judgment was founded on a contract protected from impairment by the Federal Constitution. In this case, the special tax demanded requires a rate of taxation beyond the Constitutional limitation referred to, and therefore comes strictly under the rulings made in the cases cited.
It appears from the mass of evidence in the instant case, that the judgments declared on, together with the records of the suits in which they purport to have been rendered, were offered in evidence in the lower court, but neither the judgments, nor any part of the record mentioned, were actually filed in evidence or copied into the transcript. By an agreement of counsel, attached to the transcript, it was provided that the original judgments, though not copied into the transcript, should be considered as copied therein, and therefore should make part of the evidence in the case on this appeal. The agreement is silent as to the rest of the record. This agreement, therefore, limits our inquiry or consideration to the original judgments alone, and excludes, the balance of the record, because this balance is neither copied into the transcript nor included in the agreement of counsel providing for the bringing up the originals as relates to the judgments. This record, which might show what these judgments were founded on, and whether or not on contracts, is not before us. Nor are the judgments themselves in evidence, for in point of fact, the originals are not in the transcript nor attached thereto, and under the express rulings of this Court, in view of their entire omission from the record, either as originals or copies, we cannot regard them in evidence at all. A simple reference to them in the agreement, without attaching them to or placing them in the transcript, will not answer, for this Court will not look dehors the transcript and hunt up evidence among the records of another tribunal. Succession of Irwin, 33 A. 63; Tanneret vs. Ins. Co. 32 A. 663; 14 A. 67.
Even, however, should we go beyond the transcript, and find these judgments, it is not at all probable that they would enlighten us as to their consideration, for only in very exceptional cases do judgments show upon their face the consideration or causes of action on which they are based.
In the case of the State ex rel. Nelson vs. Parish of St Martin, above referred to, a case precisely similar to the instant one, except that, in that case, the judgment proceeded on was actually in evidence, we remanded the cause to enable the judgment creditor to prove, if such was the fact, that his judgment was founded on a contract. We will make a similar disposition of the present proceeding, and afford the *204 Relator a like opportunity of establishing the existence and consideration of his judgments, with a view of determining', after the proof is administered, whether he 'is entitled to the remedy, which, for the present, we are compelled to deny him.
It is therefore ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and the case remanded to be proceeded with according to law, and for the views and for the purposes herein expressed, Relator to pay costs of appeal.
Rehearing refused.